UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH BOWMAN CORMIER, ET AL. | CIVIL ACTION NO. 6:09-cv-0703 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| LAFAYETTE CITY PARISH CONSOLIDATED GOVERNMENT, ET AL. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Currently pending is the motion for summary judgment filed by the Lafayette City-Parish Consolidated Government ("the City") based upon the plaintiffs' having named two agencies or divisions of the City as defendants in this lawsuit. (Rec. Doc. 77). The City seeks dismissal of the plaintiffs' claims to the extent that recovery is sought from the Lafayette City Police Department and the Lafayette City Prosecutor's Office rather than from the City. The motion is unopposed. For the following reasons, the motion is GRANTED.

### BACKGROUND INFORMATION

On January 29, 2008, Lafayette city police officers Heather Martin, Chase Guidry, and Dewitt Sheridan investigated an incident at a vacant lot at the corner of South Pierce and West Simcoe Streets in Lafayette, Louisiana. Plaintiff Joseph

Bowman Cormier, who has an ownership interest in the lot, was attempting to remove vagrants from the property. Witnesses alleged that Mr. Cormier brandished a firearm, and the officers observed Mr. Cormier cursing in a loud voice. Greg Greer, who was involved in the incident but was not at the scene when the officers arrived, later called 911 claiming that Mr. Cormier struck him during the incident. Based on Mr. Greer's complaint, a misdemeanor summons for simple battery was issued to Mr. Cormier later that day.

In July 2008, local television news anchor Chuck Huebner allegedly broadcast the misdemeanor summons that was issued to Mr. Cormier as well as Cpl. Martin's written statement concerning the January 2008 incident. During the course of this litigation, defendant Earl "Nickey" Picard admitted having given Cpl. Martin's statement to a deputy city marshal with instructions to deliver it to Mr. Huebner.[1] Mr. Cormier ran unsuccessfully against Mr. Picard for the city marshal post in the fall 2008 election.

On July 22, 2008, city prosecutors charged Mr. Cormier with aggravated assault in connection with the January 2008 incident. When the matter was called for trial in November 2008, neither Mr. Greer nor a witness, Melanie Green, appeared for trial. Consequently, the battery charge and the aggravated assault charge were

---

[1] Rec. Doc. 59-3 at 23.

dropped. Mr. Cormier was then charged with disturbing the peace and disorderly conduct. In April 2009, Mr. Cormier was convicted on those charges in Lafayette City Court.

In this lawsuit, which asserts claims under 42 U.S.C. § 1983 and Louisiana state law, Mr. Cormier alleges that, in connection with the January 2008 incident and the news broadcast, his constitutionally-protected rights were violated by the City and others. He seeks to recover damages he allegedly sustained as a result of his having been falsely arrested, falsely prosecuted, and defamed. In his complaint, Mr. Cormier sued the City, "Lafayette City Police Department," "Lafayette City Prosecutor's Office," and several individuals. The City now argues that it was improper for Mr. Cormier to sue "Lafayette City Police Department" and "Lafayette City Prosecutor's Office."

## ANALYSIS

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted if the mover shows that there is no genuine dispute as to any material fact and the mover is entitled to judgment as a matter of law. Resolution of the pending motion depends upon an undisputed fact: neither the Lafayette City Police

Department nor the Lafayette City Prosecutor's Office is a juridical person with the legal capacity to be sued.

Mr. Cormier seeks to recover under 42 U.S.C. § 1983, which states that "[e]very **person** who... subjects, or causes to be subjected, any... person... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, a threshold inquiry is whether a party named as a defendant in a lawsuit brought under § 1983 is a person capable of being sued.

Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to a lawsuit. Rule 17(b)(3) states that the capacity to sue or be sued of a party such as the Lafayette City Police Department and the Lafayette City Prosecutor's Office, which are neither individuals nor corporations, is determined by the law of the state where the court is located.[2]

Under Louisiana law, a person may be either natural or juridical. "A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership."[3] According to the Louisiana Supreme Court:

---

[2] See, also, *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

[3] Louisiana Civil Code Article 24.

> The determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.[4]

The City is governed by a Home Rule Charter. The charter establishes a legal department and a police department as divisions of the City's administrative branch. The charter does not grant the legal department or the police department the status of a corporate body or place them under separate boards with powers of self government. It does not grant then the legal capacity to function independently. Instead, it states that "[e]xcept as otherwise provided by this charter, all departments, offices and agencies shall be under the direction and supervision of the President."[5] No provision providing otherwise was located in the charter. Consequently, it is apparent from the charter that both the Lafayette Police Department and the Lafayette City Prosecutor's Office are agencies or departments of the City that do not function

---

[4] *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341, 346-47 (La. 1994).

[5] Rec. Doc. 77-4 at 6.

independently of the City. Consistently, in prior litigation, it was determined that the Lafayette Police Department does not have the legal capacity to be sued.[6]

Based on this reasoning, the undersigned finds that the Lafayette Police Department and the Lafayette City Prosecutor's Office do not have the legal capacity to function independently, but function as agencies, departments, or divisions of the City. Therefore, neither has the capacity to be sued, and the plaintiffs in this lawsuit have no right to recover from them.

## Conclusion

It is an undisputed fact that neither the Lafayette Police Department nor the Lafayette City Prosecutor's Office is a juridical entity with the capacity to be sued; instead, both are divisions of the City. Accordingly, the City's motion is GRANTED, and the plaintiffs' claims against the Lafayette Police Department and the Lafayette City Prosecutor's Office are DISMISSED.

Signed at Lafayette, Louisiana, this 27th day of October 2011.

---

[6] *Batiste v. Bonin*, No. 06-1352, 2007 WL 1791219, at *4 (W.D. La. June 13, 2007). See, also, *Angers v. Lafayette Consolidated Gov't*, No. 07-0949, 2007 WL 2908805, *3 (W.D. La. Oct. 3, 2007) (holding that Lafayette's Roicy Duhon Animal Shelter is not a juridical entity susceptible of being sued).