UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH BOWMAN CORMIER, ET AL. | CIVIL ACTION NO. 6:09-cv-0703 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| LAFAYETTE CITY PARISH CONSOLIDATED GOVERNMENT, ET AL. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Currently pending is the motion for partial summary judgment filed by the Lafayette City-Parish Consolidated Government ("the City"), Gary J. Haynes, and Shane M. Mouton based upon absolute prosecutorial immunity. (Rec. Doc. 75). The motion is opposed with regard to the claims against Mr. Haynes and the City, but is not opposed with regard to the claims against Mr. Mouton. Oral argument was held on October 26, 2011. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

### FACTUAL BACKGROUND

On April 29, 2008, Lafayette city police officers Heather Martin, Chase Guidry, and Dewitt Sheridan investigated an incident at a vacant lot at the corner of South Pierce and West Simcoe Streets in Lafayette, Louisiana. Plaintiff Joseph Bowman

Cormier, who has an ownership interest in the lot, was attempting to remove vagrants from the property. Witnesses alleged that Mr. Cormier brandished a firearm, and the officers observed Mr. Cormier cursing in a loud voice. Greg Greer, who was involved in the incident but was not at the scene when the officers arrived, later called 911 claiming that Mr. Cormier struck him during the incident. Based on Mr. Greer's complaint, a misdemeanor summons for simple battery was issued to Mr. Cormier later that day.[1]

In July 2008, local television news anchor Chuck Huebner allegedly broadcast the misdemeanor summons that was issued to Mr. Cormier as well as Cpl. Martin's written statement concerning the April 2008 incident. During the course of this litigation, defendant Earl "Nickey" Picard admitted having given Cpl. Martin's statement to a deputy city marshal with instructions to deliver it to Mr. Huebner.[2] Mr. Cormier ran unsuccessfully against Mr. Picard for the city marshal post in the fall 2008 election.

On July 22, 2008, city prosecutor Haynes added an additional charge by bill of information, charging Mr. Cormier with aggravated assault in connection with the

---

[1] Rec. Doc. 75-5 at 20.

[2] Rec. Doc. 59-3 at 23.

April 2008 incident.[3]  On October 15, 2008, Mr. Haynes recused himself as prosecuting attorney at a hearing on a motion for recusal filed by Mr. Cormier's criminal defense attorney.  Mr. Mouton was then retained as assistant city prosecutor for the case.  When the matter was called for trial on November 12, 2008, the battery and aggravated assault charges were dropped because Mr. Greer and a witness, Melanie Green, failed to appear for trial.  That same day, Mr. Cormier was charged with disturbing the peace and disorderly conduct in connection with the April 2008 incident.[4]  In April 2009, Mr. Cormier was convicted on those charges in Lafayette City Court, and the conviction is now final.

In this lawsuit, Mr. Cormier asserted claims under 42 U.S.C. § 1983 and Louisiana state law.[5]  He alleges that, in connection with the April 2008 incident and the news broadcast, his constitutionally-protected rights were violated by the City's prosecutors, Mr. Haynes and Mr. Mouton, and others.  He seeks to recover damages he allegedly sustained as a result of his having been falsely arrested, falsely prosecuted, and defamed.

---

[3]     Rec. Doc. 75-5 at 31.

[4]     Rec. Doc. 75-5 at 32.

[5]     The defendants contend that the plaintiffs' state law claims were waived after the plaintiffs' submission of their outline of claims (Rec. Doc. 58) pursuant to the District Court's Order. (Rec. Doc. 55) This Court disagrees based on the description of claims and the citation to La. Civ. C. Art. 2315 in Article IV of plaintiff's outline.

Mr. Cormier has withdrawn his claims relating to his conviction on the disturbing the peace charge, and it has been established that defendant Nickey Picard leaked the information to the media. No evidence has been presented supporting the plaintiffs' contention that the city prosecutors had a role in the leak of information to the media other than the mere fact that charges were brought against Mr. Cormier. Therefore, the remaining claims against the city prosecutors are for defamation, false arrest, malicious prosecution, false imprisonment, and intentional infliction of emotional distress with regard to the assault and battery charges. The City, Mr. Haynes, and Mr. Mouton now argue that it was improper for Mr. Cormier to sue the prosecutors, contending that they are protected by absolute prosecutorial immunity.

The plaintiffs do not oppose the motion with regard to the claims against Mr. Mouton. "[P]laintiff concedes that Shane Mouton did not have any apparent involvement in the false arrest and malicious prosecution regarding the aggravated assault and battery claims." (Rec. Doc. 85 at 3). At oral argument, counsel for the plaintiffs confirmed that the plaintiffs do not oppose the motion with regard to the claims against Mr. Mouton. The court therefore finds that the plaintiff does not oppose the pending motion (Rec. Doc. 75) to the extent that it seeks dismissal of the plaintiff's claims against Mr. Mouton.

The plaintiff argues, without any supporting evidence, that Mr. Haynes knowingly brought false charges against Mr. Cormier (Rec. Doc. 85 at 6), and by doing so, assisted defendant Nickey Picard in causing "the false allegations to be leaked" to the press in order to foster Mr. Picard's reelection campaign. (Rec. Doc. 85 at 6). The plaintiffs further argue that Mr. Haynes's charging the plaintiff with battery and aggravated assault was not part of Mr. Haynes's prosecutorial duties but advocating on behalf of the political incumbent, Mr. Picard.

## ANALYSIS

### A. SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit.[6] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[7]

---

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Insurance Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

[7] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact.[8] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[9] All facts and inferences are construed in the light most favorable to the nonmovant.[10]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[11] The motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim.[12]

---

[8] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[9] *Id*.

[10] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[11] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[12] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

### B. HAYNES IS PROTECTED BY ABSOLUTE PROSECUTORIAL IMMUNITY

City prosecutor Gary J. Haynes[13] was sued in both his individual capacity and in his official capacity. In his individual capacity, he is protected by absolute prosecutorial immunity for all of the claims asserted against him by the plaintiffs in this lawsuit. The City has no liability for the § 1983 claims against the prosecutors, but it may be vicariously liable for the state-law claims asserted against the prosecutors.

### A. NEITHER THE PROSECUTORS NOR THE CITY ARE LIABLE UNDER § 1983

Prosecutors are absolutely immune from § 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties.[14] Although absolute immunity does not extend to a prosecutor's administrative or investigatory functions,[15] the traditional functions of a prosecutor are to decide which

---

[13] The analysis set forth in this section would apply equally to the claims asserted against Mr. Haynes and Mr. Mouton. Since the plaintiff does not oppose the motion with regard to the claims asserted against Mr. Mouton, however, only Mr. Haynes will be mentioned in this section.

[14] *Quinn v. Roach*, 326 Fed. App'x 280, 292 (5th Cir. 2009), citing *Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir. 1996) and *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

[15] *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

suits to bring and to conduct them in court.[16] Therefore, the decision to file or not file criminal charges is protected by prosecutorial immunity.[17] A prosecutor is entitled to absolute immunity when he acts in that capacity even if he acts maliciously, wantonly, or negligently.[18] This rule applies to city prosecutors like Mr. Haynes.[19]

In this case, the plaintiffs are suing Mr. Haynes for prosecuting Mr. Cormier on charges of simple battery and aggravated assault arising out of the April 2008 incident. The alleged wrongful acts concern Mr. Haynes's decision of when and whether to file those criminal charges. The court finds that such decisions clearly fall within the scope of a city prosecutor's traditional prosecutorial duties and that there are no genuine issues of material fact concerning Mr. Haynes's liability to the plaintiffs. Accordingly, the plaintiffs' § 1983 claims against Mr. Haynes, in his individual capacity, are barred by absolute immunity.

---

[16] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 478 (5th Cir. 1999); *Hart v. O'Brien*, 127 F.3d 424, 440 (5th Cir. 1997), *cert. denied*, 525 U.S. 1103 (1999).

[17] *Quinn v. Roach*, 326 Fed. App'x at 292; *Hoffart v. Herman*, 328 Fed. App'x 972, 973 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x 824, 826 (5th Cir. 2006); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990).

[18] *Rykers v. Alford*, 832 F.2d at 897, citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

[19] See, e.g., *Thompson v. City of Monroe*, No. 3:10-cv-0710, 2010 WL 3896419, at *5 (W.D. La. Aug. 30, 2010); *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 639 (N.D. Tex. 2007).

A suit against a governmental official in his or her official capacity is really a suit against the office or the government.[20] Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent.[21] Therefore, the plaintiffs' claims against Mr. Haynes in his official capacity are actually claims against the City. Municipal entities and local governing bodies do not enjoy immunity from suit, either absolute or qualified, under § 1983.[22] Under § 1983, however, a municipality cannot be held vicariously liable for the conduct of its employees, such as city prosecutor Haynes.[23] Municipal liability under § 1983 requires "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom"[24] or, in other words, action by the government itself. Therefore, in order to hold the City liable for the acts of its employee Mr. Haynes, the plaintiffs would have to show that he was a policymaker for the City.

---

[20] See, e.g., *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009), citing *Monell v. Dept. of Soc. Serv.'s of City of New York*, 436 U.S. 658, 690 n. 55 (1978).

[21] *Monell v. New York*, 436 U.S. at 691 n. 55.

[22] *Burge v. Parish of St. Tammany*, 187 F.3d at 466, citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993).

[23] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Bd. Of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).

[24] *Piotrowski v. Houston*, 237 F.3d at 578, quoting *Monell v. New York*, 436 U.S. at 694.

The plaintiffs do not argue that Mr. Haynes was responsible for any municipal policy, and no evidence has been presented in support of such a proposition. Therefore, the court finds that there is no basis for holding the City liable for any actions of Mr. Haynes that might have violated § 1983.[25]

Accordingly, the motion for summary judgment will be granted with regard to the § 1983 claims asserted against Mr. Mouton because the motion is unopposed with regard to those claims. Additionally, the motion for summary judgment will be granted with regard to the § 1983 claims asserted against Mr. Haynes, in both his individual and official capacities, and against the City as the employer of Mr. Haynes.

### B. HAYNES – BUT NOT THE CITY – IS ABSOLUTELY IMMUNE FROM THE STATE LAW CLAIMS.

The Fifth Circuit has held that there is no freestanding constitutional right to be free from malicious prosecution and that § 1983 malicious prosecution claims must be based on a specific constitutional violation rather than on a violation of state law.[26] However, Louisiana state law recognizes a malicious prosecution cause of action. Under Louisiana law, the elements of a malicious prosecution claim are: (1)

---

[25] See *Thompson v. City of Monroe*, 2010 WL 3896419, at *3-4.

[26] *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).

the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damages to the plaintiff.[27] The plaintiffs have also asserted defamation and false arrest claims against Mr. Haynes. However, there is no evidence that Mr. Haynes had any role in the arrest or alleged defamation other than deciding whether to charge Mr. Cormier with a crime. Therefore, his actions that the plaintiffs complain of are traditional prosecutorial duties. As a prosecutor, he is absolutely immune from those claims.[28]

To the extent that Mr. Cormier has asserted claims arising out of Louisiana state law against Mr. Haynes, the claims are barred by absolute immunity. However, municipalities are not afforded the same immunity.[29] Therefore, if the plaintiffs satisfy

---

[27] *Whittington v. Maxwell*, No. 08-1418, 2011 WL 1304468, at *6 (W.D. La. Mar. 31, 2011); *Piazza v. Mayne*, 217 F.3d 239, 245 (5th Cir. 2000); *Miller v. East Baton Rouge Parish Sheriff's Dep't.*, 511 So.2d 446, 452 (La. 1987).

[28] *Knapper v. Connick*, 96-C-0434 (La. 10/15/96), 681 So.2d 944, 951.

[29] *Gibson v. State*, 1999-1730 (La. 04/11/2000), 758 So.2d 782, 792, Calogero concurring, *cert. denied*, 531 U.S. 1052 (2000)

their burden of showing that their alleged damages were a consequence of the prosecutor's conduct, the City might be held liable.[30]

Under Louisiana Civil Code Article 2320, a municipality is vicariously liable for the torts of its employees if the tort is committed while the employee is in the course and scope of his employment and if the conduct is of the character and nature that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.[31] Therefore, the prosecutor's immunity from suit does not automatically relieve the City of liability. Accordingly, with regard to the state-law claims asserted by the plaintiffs in this lawsuit, the motion for summary judgment will be granted with regard to the claims asserted against Mr. Haynes individually but denied with regard to the claims asserted Mr. Haynes in his official capacity, which is actually a claim against the City. Because it is unopposed, the motion will be granted with regard to the state law claims asserted against Mr. Mouton.

---

[30] *Gibson v. State*, 758 So.2d at 792. See, also, *Burrell v. Adkins*, No. 3:01CV2679, 2008 WL 130789, at *5 (W.D. La. Jan. 10, 2008); *Walls v. State*, 95-1133 (La. App. 3 Cir. 01/31/96), 670 So.2d 382 (allowing a malicious prosecution claim to proceed against a sheriff while dismissing a related claim against the district attorney based on the defense of absolute prosecutorial immunity).

[31] *Brasseaux v. Town of Mamou*, 1999-1584 (La. 01/19/2000), 752 So.2d 815, 820. See, also, *LeBrane v. Lewis*, 292 So.2d 216, 218 (La. 1974).

## Conclusion

The defendants' pending motion for partial summary judgment (Rec. Doc. 75) is GRANTED IN PART AND DENIED IN PART.

The plaintiffs did not oppose the motion to the extent that it addresses the plaintiffs' claims against defendant city prosecutor Shane M. Mouton. Accordingly, the motion is GRANTED with regard to the plaintiffs' claims against Mr. Mouton, and the plaintiffs' claims against Mr. Mouton are DISMISSED WITH PREJUDICE.

The actions of defendant city prosecutor Gary J. Haynes that are complained of by the plaintiffs are actions within the scope of a prosecutor's traditional prosecutorial duties. Consequently, the plaintiffs' claims under § 1983, which were asserted against Mr. Haynes in his individual capacity, are barred by absolute prosecutorial immunity. With regard to those claims, the motion is GRANTED and the plaintiffs' § 1983 claims against Mr. Haynes, in his individual capacity, are DISMISSED WITH PREJUDICE.

The claims against Mr. Haynes in his official capacity are actually claims against the City, but a municipality cannot be held vicariously liable, under § 1983, for its employees' actions. Additionally, there is no evidence that Mr. Haynes was a policymaker for the City. Therefore, with regard to the § 1983 claims against Mr. Haynes in his official capacity, as well as the § 1983 claims against the City based on

Mr. Haynes's actions, the motion is GRANTED and the claims are DISMISSED WITH PREJUDICE.

The plaintiffs' state-law claims against Mr. Haynes are barred by absolute prosecutorial immunity. No such immunity is afforded the City, which might ultimately be found liable under Louisiana state law, for the actions of its prosecutor employee. Accordingly, the motion is GRANTED with regard to the state-law claims asserted against Mr. Haynes, and those claims are DISMISSED WITH PREJUDICE.

With regard to the state-laws claims against the City based on Mr. Haynes's actions, the motion is DENIED.

Signed at Lafayette, Louisiana, this 28th day of October 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)