UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOHN BOWMAN CORMIER AND MARY ANN HENRY CORMIER | CIVIL ACTION NO. 6:09-cv-0703 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, ET AL. | BY CONSENT OF THE PARTIES |

## **MEMORANDUM RULING**

Currently pending before the Court is the plaintiff's motion (Rec. Doc. 145) for review of the clerk's taxation of costs. (Rec. Doc. 144). Oral argument was held on October 22, 2013. Although defendants Earl "Nicky" Picard and Timothy Picard did not object to the clerk's taxation of costs, they appeared at the oral argument on the plaintiff's motion and sought to recover certain costs that were disallowed by the Clerk of Court in the taxation of costs. For the following reasons, the motion (Rec. Doc. 145) is granted to the extent it seeks to have the Court review the Clerk's taxation of costs but is denied to the extent that it seeks to alter the Clerk's taxation of costs.

## Background

Following dismissal of the plaintiff's claims against all but two of the defendants, the plaintiff's claims against Earl "Nicky" Picard and Timothy Picard were tried to the bench in July 2013. At the trial, plaintiff J.B. Cormier testified, as did Mary Ann Cormier and Mike Stagg, and the depositions of Mr. Cormier, Mrs. Cormier, and Mr. Stagg were introduced into evidence at trial.

Following the trial, defendants Earl "Nicky" Picard and Timothy Picard filed a motion seeking to recover from the plaintiff certain expenses incurred during the course of the litigation by having them taxed as costs. (Rec. Doc. 140). The plaintiff opposed that motion. (Rec. Doc. 141). The Clerk of Court disallowed all of the expenses the Picards sought to have taxed as costs except for $855.00 for the deposition transcripts of Mr. Cormier, Mrs. Cormier, and Mr. Stagg. (Rec. Doc. 144). The plaintiff objected to the Clerk's taxation of costs by filing a motion seeking to have this Court review the Clerk's determination. (Rec. Doc. 145). The Picards did not file a motion objecting to the Clerk's taxation of costs nor did they respond to the plaintiff's motion seeking to have the Clerk's determination reviewed.

Oral argument on the plaintiff's motion (Rec. Doc. 145) was held on October 22, 2013. Present in court were Dan M. Scheuermann, representing the plaintiff, and Robert T. Shelton, representing the Picards.

The plaintiff's position is that the Clerk's determination should be reviewed because, at the time the subject depositions were taken, other defendants were also in the lawsuit and there was no information in the Picards' original cost motion indicating whether some portion of the deposition costs were actually borne by other defendants. At the hearing, the Picards put on evidence showing that the $855.00 deposition cost was their share of the total cost of the three deposition transcripts. Although they did not object to the Clerk's taxation of costs, did not file a motion seeking review of the Clerk's taxation or costs, or even file a brief responding to the plaintiff's pending motion, the Picards also sought, at the hearing, to object to the Clerk's having disallowed other costs they incurred during the litigation, such as those for copies and for access to electronic court records. The Picards argued that those expenses should be taxed as costs and recovered from the plaintiff.

## **Analysis**

Two issues are presented. First, whether the Picards are entitled to recover the deposition cost taxed by the Clerk of Court; and, second, whether the Picards are entitled to recover any other litigation expenses.

Rule 54(d)(1) of the Federal Rules of Civil Procedure generally provides that "costs – other than attorney's fees – should be allowed to the prevailing party. . . ."

Thus, "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs."[1] Under 28 U.S.C. §1920, costs are allowed for deposition transcripts that are used at trial. The party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof that each item was obtained for use in the case,[2] while the burden is on the losing party to show the impropriety of taxing a particular deposition as a cost.[3] A district court has broad discretion to tax costs.[4]

In this case, it is undisputed that the Picards were the prevailing parties at trial. They established that $855.00 was the cost they paid for transcripts of the depositions, and the record reflects that these depositions were used and introduced as evidence at trial. Accordingly, the undersigned finds that this amount was properly taxed by the Clerk of Court and can be recovered by the Picards from the plaintiff.

---

[1] *Pacheco v. Mineta*. 448 F.3d 783, 793 (5th Cir. 2006).

[2] *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991). In *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963), the Fifth Circuit first held that the cost of obtaining copies of depositions may be taxed as costs if the copy was necessarily obtained for use in the case, as stated in *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1323 (5th Cir. 1978).

[3] *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977), stating "the language of the rule [Rule 54(d)(1)] reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption." (Internal citations and quotation marks omitted). See, also, *Kent v. Vicksburg Healthcare, L.L.C.*, 2013 WL 3285702, at *1 (5th Cir. 2013).

[4] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d at 1324.

The undersigned further finds, however, that the Picards are not entitled to recover any other litigation expenses. Rule 54(d)(1) requires a party that is dissatisfied with the Clerk of Court's taxation of costs to move, "within the next 7 days," for judicial review of the Clerk's determination. The Picards filed no such motion. When a party fails to seek review of the Clerk of Court's taxation of costs, he waives the right to challenge the Clerk's determination.[5] The Picards had ample opportunity to object to the Clerk's taxation of costs and to respond to the plaintiff's motion objecting to the Clerk's taxation of costs but chose to do neither. Their inaction resulted in a waiver of any right they might have had to challenge the Clerk's decision. Therefore, their belated request to have document acquisition fees and copying expenses taxed as costs comes too late to be considered by the Court and is, for that reason, denied.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion (Rec. Doc. 145) is GRANTED IN PART and DENIED IN PART. The motion is granted to the extent that the Court has

---

[5] See, e.g., *LaRavia v. Cerise*, 512 Fed. App'x 397, 398 (5th Cir. 2013); *Prince v. Poulos*, 876 F.2d 30, 34 (5th Cir. 1989).

reviewed the Clerk of Court's taxation of costs, but the motion is denied to the extent that the plaintiff seeks to alter the Clerk's taxation of costs.

IT IS FURTHER ORDERED that costs are taxed for the defendants Earl Picard and Timothy Picard and against the plaintiff, Joseph Bowman Cormier, in the amount of $855.00.

Signed at Lafayette, Louisiana, this 22nd day of October 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE